UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CATHERINE A. ADKINS )<br>    *Plaintiff,* )<br>)<br>v. )    No.3:22-cv-00019-KAC-CHS<br>)<br>PILOT FLYING J, )<br>JAMES HASLAM III, )<br>WILLIAM MULLIGAN, )<br>PATRICK DEPTULA )<br>    *Defendants.* ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Plaintiff Catherine Adkins' Motions to Request a Court Appointed Attorney for Representation [Docs. 39 and 41]. For reasons that follow, these motions will be denied.

By way of background, Plaintiff filed this action on January 18, 2022, against defendants Pilot Flying J, James Haslam III, William Mulligan, and Patrick Deptula under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, alleging a hostile work environment and discrimination on the basis of sex and retaliatory discharge for reporting the harassment and discrimination. Plaintiff's application to proceed *in forma pauperis* was granted on June 2, 2022 [Doc. 11].

In her motions [Docs. 39 & 41], Plaintiff requests that the Court appoint an attorney to represent her in this civil lawsuit. Requests for appointment of counsel are frequently made under 28 U.S.C. § 1915(e). This statutory provision is available only for litigants, such as Plaintiff, who proceed *in forma pauperis*; however, the right to counsel in civil cases is "highly circumscribed, and has been authorized in exceedingly restricted circumstances." *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988). There is a strong presumption that there is no right to counsel unless the litigant may lose his or her freedom if the action is lost. *Id.* (citing *Lassiter v. Department*

*of Social Services of Durham County, North Carolina*, 452 U.S. 18, 26-27 (1981)). Appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993); *see also O'Kroley v. Fastcase, Inc.*, 831 F.3d 352, 356 (6th Cir. 2016) (exceptional circumstances are required to appoint counsel in a civil case).

In determining whether "exceptional" circumstances exist to warrant an appointment of counsel, courts evaluate the type of case, the complexity of the factual and legal issues involved, the ability of the litigant to represent herself, and the showing of some likelihood of merit. *Lavado*, 992 F.2d at 606; *Brubaker v. Barrett*, 801 F. Supp.2d 743, 763 (E.D. Tenn. 2011) (same). *See also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2nd Cir. 1989) ("[A] threshold showing of some likelihood of merit, should be borne in mind by trial and appellate courts in deciding whether to appoint counsel"). The Sixth Circuit has characterized appointment of counsel in a civil case as "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d at 606 (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)).

Plaintiff informs the Court that she has attempted to find counsel in Knoxville and Chattanooga but has not been able to do so. Unsuccessful efforts taken to find counsel are a factor favorable to a pro se litigant seeking court appointment of counsel. On the other hand, another important factor the Court considers is the likelihood of merit in Plaintiff's case. And, here, it appears to this Court that Plaintiff's likelihood of success in this case is poor. Plaintiff was last employed by Pilot Flying J in 2012; however, she did not file a charge of discrimination under Title VII with the EEOC until 2021—a date well outside the 300 day framework to file such a charge. As this United States District Court for the Eastern District of Tennessee has explained in the past,

> Tennessee is a deferral state, which means the statute of limitations for filing an employment discrimination charge with the EEOC or the THRC is 300 days after the alleged unlawful employment action occurred. 42 U.S.C.A. § 2000e–5(e)(1); *Tartt v. City of Clarksville*, 149 F. App'x 456, 460 (6th Cir. 2005) (holding that "Tennessee is a 'deferral state' for purposes of the federal discrimination statutes" and that a plaintiff's EEOC charge must be filed "within 300 days of the alleged discrimination") (citing *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375–76 (6th Cir. 2002) and *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578–79 (6th Cir.1992)); *see also Parry v. Mohawak Motors, Inc.*, 236 F.3d 299, 308 (6th Cir. 2000) (stating that Title VII exhaustion requirements are applicable to ADA claims). The U.S. Court of Appeals for the Sixth Circuit has stated that although "the 300–day bar is not jurisdictional, it does have the effect of a statute of limitations [.]" *Weigel*, 302 F.3d at 375–76.

*Holleman v. BellSouth Telecomms, Inc.,* No. 3:09-cv-311, 2011 WL 3876590, *7, (E.D. Tenn. Sept. 1, 2011).

Defendants have filed a motion to dismiss this action, in part, on the basis that this action is untimely, and it appears likely to this Court that this motion will be granted. Notwithstanding this observation, this Court emphasizes that the motion to dismiss is not before it; the District Court will rule on the motion to dismiss—at which time, if Plaintiff's action survives, Plaintiff can file a renewed motion for appointment of counsel for this Court's consideration. Therefore, Plaintiff's motions for appointment of counsel to represent her [Docs. 39 & 41] are **DENIED** without prejudice.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE