UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CATHERINE A. ADKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CV-19-KAC-CHS ) |
| PILOT FLYING J, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Before the Court is (1) Defendants' "Motion to Dismiss Plaintiff's Amended Complaint" [Doc. 18], (2) Defendants' "Memorandum of Law in Support" [Doc. 19], (3) Plaintiff's Response [Doc. 28], (4) Defendants' Reply [Doc. 30], and (5) Plaintiff's Sur-Reply "Address[ing] Statue [sic] of Limitations" [Doc. 46]. Plaintiff is proceeding pro se in this action. Defendants ask the Court to dismiss all claims against them [*See* Doc. 18 at 1-2]. Because the Amended Complaint fails to state a claim for relief that is plausible on its face, the Court grants Defendants' "Motion to Dismiss Plaintiff's Amended Complaint" [Doc. 18]. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).

**I.   Facts[1]**

From 1999 to 2012, Plaintiff Catherine A. Adkins worked as a Senior Project Manager at "Pilot Flying J"[2] [Doc. 8 ¶ 12]. Over her tenure, Plaintiff allegedly experienced "sexual

---

[1] At this stage in the litigation, the Court construes the Amended Complaint in Plaintiff's favor and accepts the well-pleaded facts in the Amended Complaint as true. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016).

[2] In the "Motion to Dismiss," Defendants asserted that "Pilot Flying J" was an "improper party" because "Pilot Travel Centers LLC"—not "Pilot Flying J"—actually employed Plaintiff [Doc. 18 at 1 n.1]. But Defendants waived this potential defense by "respond[ing] to the allegations" in Plaintiff's Amended Complaint. *See* Fed. R. Civ. P. 12(h)(1).

harassment," "unwarranted" conduct, and "bull[ying]" by Defendants James Haslam, III; William Mulligan; and Patrick Deptula [*Id.* ¶¶ 1, 12-16, 26]. Defendant Haslam is Pilot Flying J's "former CEO" [*Id.* ¶ 9]. Defendant Mulligan is the "former VP of Design & Construction," who supervised Plaintiff [*Id.* ¶¶ 10, 12]. And Defendant Deptula is the "former Director of Design & Construction," who also supervised Plaintiff [*Id.* ¶¶ 11-12]. Many of Plaintiff's factual allegations, which the Court must accept as true at this stage in the litigation, represent conduct that is offensive and abhorrent in a workplace or elsewhere [*See id.* ¶ 14]. At some point before April 2012, Plaintiff reported "severe emotional distress" to Defendant Mulligan's assistant [*Id.* ¶ 20]. Defendants Deptula and Mulligan then "retaliated against" Plaintiff by giving Plaintiff "a very negative performance assessment" and "wrongfully accus[ing]" her of "issues/problems" [*Id.*]. Defendant Deptula "'strong-armed'" Plaintiff to either "immediately resign" or "be immediately fired" [*Id.*]. Plaintiff left her job at "Pilot Flying J" in April 2012 [*See id.* ¶ 25].

"In September 2020," Plaintiff first "realized" that "all the actions" "throughout her career were illegal" [*Id.* ¶ 21]. On April 13, 2021, Plaintiff communicated with Pilot Flying J's "chief legal counsel" "via text messaging" about Plaintiff's "'resignation' and other issues that had come to light" [*Id.* ¶ 22]. "[S]imultaneously," Pilot Flying J's "Director of Human Resources" "contacted the plaintiff's 85 year old father by phone to inform him that she had mental issues and in a threating [sic] tone demanded that she not contact anyone affiliated with Pilot Flying J" [*Id.*]. "The plaintiff has been under the care of a psychiatrist . . . since 2010" [*Id.* ¶ 23].

On October 11, 2021, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), alleging "sexual discrimination, sexual harassment, retaliation, wrongful termination, and wage discrimination" in violation of Title VII [*Id.* ¶ 2; *see also* Doc. 19-1 at 3]. On October 21, 2021, the EEOC issued Plaintiff a Right to Sue Letter

2

Case 3:22-cv-00019-KAC-CHS   Document 54   Filed 06/30/23   Page 2 of 9   PageID #: 170

[*Id.* ¶ 3]. On January 18, 2022, Plaintiff filed an initial "Complaint for Wrongful Termination Due To Toxic Workplace Culture" [Doc. 2]. She then filed an "Amended Complaint for Wrongful Termination Due To Toxic Workplace Culture" [Doc. 8 ("Amended Complaint")] on March 3, 2022. That Amended Complaint is operative. *See* Fed. R. Civ. P. 15(a)(1).

The Amended Complaint includes three claims. Under the heading "Retaliation/Wrongful Termination," Plaintiff's Amended Complaint alleged claims under "Title VII of the Civil Rights Act of 1964" [*Id.* ¶¶ 5, 25-26 (Counts One and Two)]. Under the heading "Prima Facie Tort," Plaintiff asserted that Defendants' "calculated and intentional" actions "were emotionally damaging" and "purposely cause[d]" Plaintiff harm [*Id.* ¶¶ 27-28 (Count Three)].

II. Analysis

To survive a motion to dismiss, Plaintiff's Amended Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). The Court construes the Amended Complaint in the light most favorable to Plaintiff, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *See Hogan*, 823 F.3d at 884. The Court liberally construes pro se pleadings filed in civil rights cases and holds them "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). "This less stringent standard, however, does not mean that *pro se* plaintiffs are entitled to take every case to trial." *Hahn*, 190 F.3d at 715 (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### A. The Amended Complaint Fails To State Any Plausible Title VII Claim (Counts One and Two).

Title VII "makes it 'an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (quoting 42 U.S.C. §2000e-2(a)(1) (alteration in original)). With limited exceptions not applicable here, Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

Before Plaintiff could bring suit under Title VII, she must have exhausted her administrative remedies. *See Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002) (citing *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001)); *see also* 42 U.S.C. § 2000e-5. The exhaustion requirement gives timely "notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *See Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (citation omitted). Under Title VII, an aggrieved employee must file a charge with the EEOC within 300 days of "the alleged unlawful employment practice." *See* 42 U.S.C. §§ 2000e-5(b), (e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). The 300-day period begins to run "when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the

4

employment decision may have been discriminatorily motivated." *Amini v. Oberlin Coll.*, 259 F.3d 493, 499 (6th Cir. 2001).

### i. Defendants Haslam, Mulligan, And Deptula Are Not Liable Under Title VII.

As an initial matter, the Amended Complaint fails to state any Title VII claim against Defendants Haslam, Mulligan, and Deptula individually. The Amended Complaint does not include any facts that would permit the Court to conclude that any of these individuals qualifies as an "employer" under Title VII. *See Wathen*, 116 F.3d at 405; *see also Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001) (confirming that an individual who "was merely Plaintiff's supervisor and not his employer" "cannot be held individually liable under Title VII"). Accordingly, no Title VII claim lies against Defendants Haslam, Mulligan, and Deptula. Further as discussed below, even if Defendants Haslam, Mulligan, or Deptula could be liable as an "employer" under Title VII, Plaintiff's Title VII claims against them would be time-barred. *See Clemons v. Metro Gov't of Nashville*, 664 F. App'x 544, 546-47 (6th Cir. 2016). This provides an independent basis to dismiss Counts One and Two against them.

### ii. All Of Plaintiff's Title VII Claims Against Defendant Pilot Flying J Are Time-Barred.

Plaintiff filed an EEOC charge on October 11, 2021 [Doc. 8 ¶ 2]. Accordingly, to be timely, any Title VII claim Plaintiff raised in the EEOC charge, and subsequently in this case, must be based on some action that occurred on or after December 15, 2020. *See* 42 U.S.C. §§ 2000e-5(b), (e). Put another way, to the extent Plaintiff seeks to assert any Title VII claim based solely on actions that occurred before December 15, 2020, that Title VII claim is time barred. *See Morgan*, 536 U.S. at 109. As Plaintiff admits, "most of the accusations [in her Amended Complaint] are prior to 2012" when she left her job at "Pilot Flying J" [Doc. 28 at 1]. But any claims relating solely to discrete acts of Defendants occuring before December 15, 2020

5

are untimely. *See Clemons*, 664 F. App'x at 546-47 (affirming dismissal of pro se plaintiff's time-barred Title VII claims).

Plaintiff attempts to invoke the "discovery rule" to save her claims. But Plaintiff does not provide, and the Court could not locate, any Sixth Circuit Title VII case applying the "discovery rule" to toll the 300-day period in a similar factual scenario. *See Vaughn v. Louisville Water Co.*, 302 F. App'x 337, 343-44 (6th Cir. 2008) (noting that the Supreme Court has declined to address whether the discovery rule applies in Title VII cases). Instead, Title VII's text and Supreme Court precedent focus on the date that the Title VII violation occurred. *See* 42 U.S.C. § 2000e; *Morgan*, 536 U.S. at 109. And even if the Court were permitted to apply the "discovery rule" in this case, the two dates on which Plaintiff alleges she discovered her injuries (or more properly, discovered the law that applied to her injuries) still fall outside the 300-day period [*See* Docs. 8 ¶¶ 21-22 (September 2020); 28 at 1 (December 1, 2020)].

And the "continuing violation" doctrine does not apply either. "The 'continuing violation' doctrine provides that when 'there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period.'" *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 829 (6th Cir. 2000) (quoting *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir. 1992)). The crux of Counts One and Two is discrete acts occurring before April 2012 [*See generally* Doc. 8]. These alleged acts do not fall within the limitations period, and therefore, are not actionable alone. *See Morgan*, 536 U.S. at 105, 114. And to the extent Plaintiff relies on an April 2021 exchange between an individual associated with Defendant Pilot Flying J and Plaintiff's father, that event, even though within the relevant limitations period, does not make Plaintiff's claims timely. In April 2021, Defendant Pilot Flying J did not employ Plaintiff and had not employed her for approximately nine (9) years. Even

6

Case 3:22-cv-00019-KAC-CHS   Document 54   Filed 06/30/23   Page 6 of 9   PageID #: 174

accepting the allegations in the Amended Complaint as true, there is no "ongoing, continuous series of discriminatory acts." *See Kovacevich*, 224 F.3d at 829; *see also Wilson v. Gen. Mills Sales, Inc.*, No. 17-CV-1072, 2021 WL 5762586, at *13 (W.D. Mich. Apr. 23, 2021) (refusing to apply "continuing violation" doctrine to events occurring four (4) years after other allegedly discriminatory actions). The remainder of Plaintiff's Title VII claims against Defendant Pilot Flying J are therefore time-barred and must be dismissed.

### B. The Amended Complaint Fails To State A Plausible Claim For Intentional Infliction of Emotional Distress (Count Three).

Count Three of Plaintiff's Amended Complaint is entitled "prima facie tort." But "the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which [s]he states." *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001). Count Three appears to be a claim for intentional infliction of emotional distress [*See* Doc. 8 ¶ 28]. And Plaintiff's response to Defendant's "Motion to Dismiss" confirmed Plaintiff's intent to raise an intentional infliction of emotional distress claim [*See* Doc. 28 at 2 (describing Defendants' conduct as "outrageous, extreme and beyond the bounds of all decency")]. The Court therefore liberally construes Count Three as asserting a claim for intentional infliction of emotional distress, as species of tort.

"In Tennessee, '[t]he elements of an intentional infliction of emotional distress claim are that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 423 (6th Cir. 2020) (quoting *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012)). "'[I]ntentional infliction of emotional distress is a personal injury tort, governed by the general one-year statute of limitations' in Tenn. Code Ann. § 28-3-104." *Campbell v. AdhereHealth, LLC*, No. 19-CV-730, 2020 WL 5702471, at *5 (M.D. Tenn. Sept. 23, 2020) (quoting *Leach v. Taylor*, 124 S.W.3d 87, 91 (Tenn. 2004)). The Court presumes for

7

Plaintiff's benefit, without deciding, that Count Three in the Amended Complaint relates back to the January 18, 2022 date that Plaintiff filed the initial Complaint. *See* Fed. R. Civ. P. 15(c). The Court, therefore, considers only those alleged acts of Defendants that fall within the relevant one-year statute of limitations period.

Plaintiff's lone timely allegations relate to the April 2021 phone call that Plaintiff's father received from Pilot Flying J's "Director of Human Resources" [*See* Doc. 8 ¶ 22]. But Plaintiff has not alleged that any individual Defendant or "Pilot Flying J" authorized or directed the "Director of Human Resources" to make this phone call such that the Director of Human Resources's actions could be attributable to any Defendant in this case. *See Fisher*, 951 F.3d at 423. Nor has she alleged that the "Director of Human Resources" made the phone call in his professional capacity as a representative of Defendant Pilot Flying J. *See id.* And even if the "Director of Human Resources" were authorized by the Defendants or acted in a professional capacity, the conduct of the "Director of Human Resources" does not rise to the level required by Tennessee's exacting standard for intentional infliction of emotional distress. *See Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 703 (Tenn. Ct. App. 2012). A phone call from a corporate "Director of Human Resources" to an elderly father about his daughter's mental health is not so extreme and outrageous as to go "beyond all bounds of decency." *See Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 266 (6th Cir. 1991) (holding as insufficient allegations related to supervisor's "monitor[ing] [plaintiff's] communications" and "attempt[s] to gain his medical records"). Accordingly, the sole timely allegations in the Amended Complaint fail to state a claim for intentional infliction of emotional distress. *See Fisher*, 951 F.3d at 423.

8

Case 3:22-cv-00019-KAC-CHS   Document 54   Filed 06/30/23   Page 8 of 9   PageID #: 176

### III. Conclusion

For the reasons above, the Court **GRANTS** Defendants' "Motion to Dismiss Plaintiff's Amended Complaint" [Doc. 18] and dismisses this action. Because no claims remain in this action, an appropriate judgment shall enter.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge